[Civ. No. 8557. First Appellate District, Division Two.—September 14, 1932.]

PACIFIC GAS AND ELECTRIC COMPANY (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION OF THE STATE OF CALIFORNIA and EMMA G. MULLANE, Respondents.

Thomas J. Straub and John J. Briare for Petitioner.

A. I. Townsend, Frank J. Burke and Edmund J. Holl for Respondents.

STURTEVANT, J.—Heretofore Edward A. Mullane had suffered from tuberculosis but the disease ceased to progress. While the disease was quiescent he took employment under the Pacific Gas and Electric Company. While so employed and within the course of his employment he suffered an injury which resulted in the activation of the pre-existing tubercular condition in the laryngeal and spinal region. Soon afterward he died. An application by his widow was made to the defendant Commission to fix the compensation. After certain proceedings had it filed an award denying any compensation. The widow filed a petition for a rehearing. The petition was denied and thereafter she applied for a writ of review. The writ was granted by the first division of this court. Later the court handed down a decision, *Mullane* v. *Industrial Acc. Com.,* 118 Cal. App. 283 [5 Pac. (2d) 483]. After the *remittitur* went down the application was again called up before the defendant Commission. No further evidence was taken, but the matter was submitted to the defendant Commission for it to make an award in compliance with the mandate of the court. Thereafter, on the twenty-second day of March, 1932, the defendant Commission filed its decision. It fixed the compensation in the sum of $3,375.51. Paragraph 5 is as follows: "The evidence is insufficient to warrant an apportionment of the death benefit or to make an apportionment between injury and pre-existing disease. This Commission now finds that all the disability found herein and said death were the direct result of the injury which forms the subject matter of this action." The employer filed a petition for a rehearing. The petition was denied and it applied to this court for a writ of review. In its briefs it makes merely one point and that is that the defendant Commission did not apportion its award (Workmen's Compensation Insurance and Safety Act, sec. 3, subd. 4 [Stats. 1917, p. 833]), as directed by the mandate of the court. We think the point may not be sustained. There was no mandate of the court to apportion. The award under con-

sideration by the court was an award that the applicant take nothing. It presented no issue of apportionment. In so far as the court spoke of apportioning it was addressing itself to the issue whether the award should have been affirmative instead of negative. Moreover, there was no evidence before the defendant Commission on which an apportionment could have been based. The evidence was without conflict that before the accident the decedent had suffered from tuberculosis; but that at the time of the accident it was quiescent. There was evidence that the accident caused the quiescent tuberculosis to become active and that such tuberculosis caused the death of the decedent.

The award is affirmed.

Nourse, P. J., and Spence, J., concurred.